UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTOINE DION WILLIAMS,

    Plaintiff,                                    CIVIL ACTION NO. 14-13677

  v.                                    DISTRICT JUDGE TERRANCE G. BERG
                                          MAGISTRATE JUDGE CHARLES E. BINDER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.    RECOMMENDATION

**IT IS RECOMMENDED** that Plaintiff's Motion for Summary Judgment should be **DENIED**, and that of Defendant **GRANTED**, as there is substantial evidence on the record that claimant retained the residual functional capacity for a limited range of sedentary work.

### II.    REPORT

#### A.    Introduction and Procedural History

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on July 21, 2011, alleging that he had become disabled and unable to work on May 19, 2010, at age 26, due to severe back pain, migraine headaches, arthritic left foot pain, gastrointestinal problems and poor eyesight. Benefits were initially denied by the Social Security Administration. A requested de novo hearing was held

on January 25, 2013, before Administrative Law Judge (ALJ) James Gramenos. The ALJ found that the claimant retained the residual functional capacity to perform a limited range of sedentary work where he would not be exposed to temperature extremes, high humidity, moving machinery and unprotected heights.  The ALJ further determined that the claimant could not climb ladders, ramps or scaffolding. The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits.  The parties have filed Motions for Summary Judgment, and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

     Plaintiff was 28 years old at the time of the administrative hearing. He had been graduated from high school before completing two years of community college (TR 95). Claimant had been employed during the relevant past as a general laborer (TR 62). Claimant alleged that he became disabled as a result of injuries suffered in a May, 2010, automobile accident (TR 89).  He has been unable to return to work since the accident due to severe back, left knee and left foot pain (TR 88).

     Plaintiff testified that joint pain prevented him from sitting, standing or walking for prolonged periods (TR 88, 92-93).  He estimated that he could walk for perhaps two short blocks before his legs became irritated (TR 77).  Claimant alleged that he needed to elevate his left leg at least ten times a day for a minimum of two hours to prevent severe leg swelling (TR 77-78).  Chronic back pain and foot numbness prevented him from sitting in a chair for a long time (TR 75, 79, 93).  A left knee and ankle brace provided only temporary comfort

(TR 80). A stiff neck and periodic migraine headaches prevented him from driving safely (TR 80-81, 112).

A Vocational Expert, Diane Regan, testified that there were no jobs for claimant to perform if his testimony were fully accepted[1] (TR 119). If he were capable of sedentary work, however, there were numerous unskilled packaging, inspection and sorting jobs that he could perform with minimal vocational adjustment (TR 117-118). These jobs did not expose workers to temperature extremes, high humidity, moving machinery or unprotected heights. There would be no requirement to climb ladders, ramps or scaffolding (TR 116).

### B. ALJ's Findings

The Administrative Law Judge found that Plaintiff was impaired as result of status post automobile injuries to his left knee and back, but that he did not have an impairment or combination of impairments severe enough to meet or equal the Listing of Impairments. The ALJ recognized that claimant's joint pain prevented him from working at jobs that exposed workers to temperature extremes, high humidity, moving machinery and unprotected heights. He was also found incapable of climb ladders, ramps or scaffolding. Nevertheless, the ALJ found that the claimant retained the residual functional capacity to perform a significant number of sedentary jobs, as identified by the Vocational Expert (TR 58-65).

---

[1] The witness opined that, if claimant needed to elevate his leg to waist level, or missed work at least 15 percent of the time, all work activity would be precluded (TR 119).

3

**C.     Standard of Review**

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

**D.     Discussion and Analysis**

After review of the record, I suggest that there is substantial evidence on the record supporting the Commissioner's conclusion that Plaintiff retained the residual functional

capacity for a restricted range of sedentary work where he would not have to climb ladders, ramps or scaffolds, and not be exposed to temperature extremes, high humidity, moving machinery or unprotected heights. Contrary to Plaintiff's assertion, the medical evidence does not support his allegation of totally disabling back, left leg or left foot pain. The ALJ's decision was consistent with the specific limitations imposed by examining physicians.

The medical evidence of record indicates that Plaintiff made an excellent recovery from the multiple fractures suffered in his May, 2010, automobile accident. Six months after the incident, medical examiners reported that claimant was doing well, ambulating without assistance, and experiencing only occasional pain (TR 365). Moreover, claimant had regained normal distal motor strength, had excellent range of joint motion, and exhibited no signs of instability. Plaintiff was said to have healed well from his injuries (TR 365).

A follow-up examination in May 2011, discovered that claimant was in no apparent distress. A musculoskeletal evaluation was within normal limits (TR 403). Plaintiff told his doctors in September 2011, that his overall quality of life was good, and that he was able to obtain adequate pain relief (TR 419). A month later, Plaintiff reportedly was doing well and had no complaints (TR 483). He had no focal weakness, gait disturbance, back pain or neck stiffness (Tr 497).

Another physical examination in August, 2012, revealed no signs of motor weakness, sensory loss, gait irregularities, poor balance, impaired coordination, abnormal fine motor skills, or irregular deep tendon reflexes (TR 495). Objective clinical findings in the two years following the automobile accident demonstrate that the claimant was often in no acute

5

distress, and did not experience major neurological deficits. He could heel and toe walk with ease, and could rise from a seated position unassisted (TR 561-570). In his brief in support of Summary Judgment, Plaintiff does not dispute the ALJ's evaluation of those medical source opinions.

Contrary to claimant's assertion that prescribed medications caused extreme fatigue, caretakers repeatedly noted that his medications did not cause any side effects. (TR 82, 335, 419, 422, 426, 431, 433, 440, 442, 447, 455, 462, 467, 474, 518, 524, 526, 530, 532, 540, 546, 550, 555). The ALJ did not ignore claimant's testimony that he allegedly became fatigued by repeatedly getting high on marijuana. (See Plaintiff's Brief in Support of Summary Judgment at p. 21). Even if marijuana caused him fatigue, it would not make a difference. Marijuana, medically authorized or otherwise, is not a "medication" where the side effects can potentially lead to an award of benefits. Rather, it is an illegal schedule I controlled substance, the abuse of which cannot form the basis of a disability claim. *See* 21 U.S.C. § 812(c)(10).

Plaintiff relies heavily upon the fact that a treating examiner, Dr. Backos, indicated in August 2010, that Plaintiff was unable to work and required household assistance (TR 471). Five months later, the doctor reiterated that Plaintiff was unable to work, and added that he required attendant care "8 hours a day, 7 days a week". (TR 454). In June, 2012, Dr. Backos endorsed Plaintiff's application for a disability parking placard (TR 536). It is well settled that opinions of treating physicians should be given greater weight than those of one-time examining doctors retained by the government. Allen v. Califano, 613 F.2d 139, 145

6

(6th Cir. 1980). However, the opinion of a treating physician is entitled to deference only if his clinical findings are uncontradicted by substantial medical or other evidence, and if the opinion is based on detailed, clinical, diagnostic evidence. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985). Dr. Backos offered little objective evidence during the relevant period to support his disability determination[2]. Consequently, his opinion need not have been given any special weight. Miller v. Secretary, 843 F.2d 221, 224 (6th Cir. 1988). Under these circumstances, the totality of the evidence must be considered. Landsaw v. Secretary, 803 F.2d 211, 213 (6th Cir. 1986).

It is the rare case, indeed, the exception, in which every piece of evidence points incontrovertibly towards a decision to deny benefits. There was evidence in the record which, taken in isolation, might suggest that the Plaintiff is totally disabled and that his testimony was fully credible. However, special deference is owed to the credibility findings of the ALJ, who was the only one who had the opportunity to observe the demeanor of the witness, evaluate what was said and how it was said, and to consider how that testimony fit in with the rest of the medical evidence. Such observation is invaluable and should not be discarded

---

[2]Between November 2010 and October 2012, Dr. Backos filled out a large number of "disability certificate[s]" on Plaintiff's behalf. (TR. 421, 424, 425, 428, 429, 435, 437, 459, 460, 522, 534, 538, 544, 548, 557, 558, 559). The doctor simply put checkmarks indicating that claimant was "on work disability," that he could not do housework, and that he needed attendant care. Dr. Backos failed to provide any corroboration, in the form of objective clinical findings upon examination, to support his conclusions. Consequently, the ALJ properly discounted the doctor's contention that Plaintiff was totally disabled. See Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) ("the ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation"). The Law Judge properly determined that Dr. Backos' opinion conflicted with the "negative examination[s]" of Plaintiff's other doctors (TR 62).

7

lightly. Beavers v. Secretary, 577 F.2d 383 (6th Cir. 1978). See also Williamson v. Secretary, 796 F.2d 146, 150 (6th Cir. 1986).

By establishing that he could not return to his past relevant work, the Plaintiff here effectively shifted to the Commissioner the burden of proving that he had the vocational qualifications to perform alternative jobs in the economy, notwithstanding his impairment. The Commissioner, however, met her burden of proving the existence of jobs which accommodated claimant's known restrictions. In response to a hypothetical question that took into consideration claimant's educational and vocational background, along with his known functional limitations, the Vocational Expert testified that there were numerous unskilled packaging, inspection and sorting jobs that he could perform with minimal vocational adjustment (TR 117-118). These jobs did not expose workers to temperature extremes, high humidity, moving machinery or unprotected heights. There would be no requirement to climb ladders, ramps or scaffolding (TR 116). Given the objective clinical findings of the examining physicians of record, I suggest that there is substantial evidence on the record that Plaintiff retained the residual functional capacity for a restricted range of sedentary work activity.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

**III.     REVIEW**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                          s/ Charles E Binder
                                                          CHARLES E. BINDER
Dated: June 23, 2015                        United States Magistrate Judge